IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMY CRANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-93 (MTT) |
| | ) |
| Sheriff BUTCH REESE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Contemporaneously with her complaint (Doc. 1), pro se Plaintiff Amy Crane moves the Court to proceed *in forma pauperis* in this action. Doc. 2. Crane's complaint describes injuries sustained in Jones County Jail, and then suggests Jones County, the Jones County Sheriff's Department, the Jones County Sheriff, two Sheriff's deputies, and a nurse, are all somehow responsible. *See* Doc. 1. Crane's motion to proceed *in forma pauperis*, which uses the "short form," is similarly opaque. Doc. 2 at 1. For example, Crane claims she is unemployed with no income, but then states she is able to pay her $75 phone bill, $222 power bill, and $85 water bill because "someone else is paying everything on my behalf." *Id.* at 2. Without knowing who this unnamed benefactor is and how much they are giving Crane in financial support, the Court does not have sufficient information to determine whether Crane is entitled to proceed *in forma pauperis*. Accordingly, Crane's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** without prejudice. Should Crane wish to refile, she shall do so with the "long form" which the Clerk of Court is **DIRECTED** to provide Crane.

Crane's complaint is also deficient—at least two portions appear to be cut off because of a formatting error.  *See* Doc. 1 at 3-4.  As to the substance, it is unclear to the Court who Crane intends to sue and for what.  For example, Crane names Nurse Ginger as a defendant, but includes no allegations against her.  To the extent Crane wishes to refile her motion to proceed *in forma pauperis* as directed by the Court, Crane must also recast her complaint.

The recast complaint must contain a caption that clearly identifies by name each individual that Crane has a claim against and wishes to include as a defendant in this lawsuit.  Crane must name only the individuals associated with the claim or related claims that she is pursuing in this action.  Crane must then tell the Court exactly how each individual violated her constitutional rights, including (1) what each defendant did (or failed to do) in violation of her rights; (2) when and where each action occurred; and (3) how Crane was injured as a result of each defendant's actions.  Crane should state her claims as simply as possible and should not attempt to use formal language or legalese.  Crane must, however, complete the entire complaint form.  She may not leave any portion or paragraph without a response.

Crane's recast complaint **shall take the place of and supersede all allegations made in the original complaint.**  The Court will therefore consider only the factual allegations and claims contained in Crane's recast complaint.  The Court will not consider those facts contained in Crane's original complaint (Doc. 1).  Any fact Crane deems necessary to prosecute her lawsuit should be clearly stated in her recast complaint, even if Crane has previously alleged it in another filing.  Crane must also rename each defendant she wishes to sue as directed by the Court's standard § 1983

complaint form.  If Crane fails to link a named defendant to a specific claim, the claim will be dismissed; if Crane makes no allegations in the body of her complaint against a named defendant, that defendant will be dismissed.  **Crane shall attach no more than ten (10) additional pages to the § 1983 form**.

Crane shall have **FOURTEEN DAYS** from the date of this order to recast her complaint on the Court's standard § 1983 form which the Clerk of Court is also **DIRECTED** to provide Crane.  While this action is pending, Crane shall also immediately inform the Court in writing of any change in her mailing address. Crane's failure to fully and timely comply with this order may result in the dismissal of her complaint.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 27th day of March, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT